UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 21-cv-80837-MATTHEWMAN

UHLIG LLC, et al.,

    Plaintiffs,

vs.

ADAM CHERRY, et al.,

    Defendants.

_____/

FILED BY KJZ D.C.
Jun 13, 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO VOLUNTARILY DISMISS ACTION AGAINST DEFENDANT KIM CHERRY [DE 130]

**THIS CAUSE** is before the Court upon the following: (1) Uhlig LLC and IHPS Holdings, LLC's (f/k/a/ Scuttlebutt Social Marketing, LLC) (collectively, "Plaintiffs") Motion to Voluntarily Dismiss Action Against Defendant Kim A. Cherry and Incorporated Memorandum of Law ("Motion") [DE 130]; (2) Defendant/Counterclaim Plaintiff Kim A. Cherry's Response [DE 131]; and (3) Plaintiffs' Reply [DE 132]. Thus, the matter is ripe for the Court's determination.

### I.    BACKGROUND

On May 7, 2021, Plaintiffs filed a sixteen count Complaint against Defendants Adam Cherry, Kim A. Cherry ("Kim Cherry"), Helen Miller, Mahalo Enterprises Corporation d/b/a Resident Times and/or Today's Livin, and Tapp It Technology, LLC. [DE 1]. Plaintiffs allege the following causes of action: unfair competition and false designation of origin, in violation of 15

1

U.S.C. § 1125(a), against "Defendants"[1] (Count I); false advertising, in violation of 15 U.S.C. § 1125(a), against Defendants (Count II); trademark infringement, in violation of 15 U.S.C. § 1114, against Defendants (Count III); common law trademark infringement, against Defendants (Count IV); unfair competition under Florida common law, against Defendants (Count V); deceptive and unfair trade practices, in violation of § 501.201, Florida Statutes, *et seq.*, against Defendants (Count VI); misleading advertising, in violation of § 817.41, Florida Statutes, against Defendants (Count VII); unjust enrichment, against Defendants (Count VIII); misappropriation of trade secrets, in violation of 18 U.S.C. § 1836, against Defendants (Count IX); misappropriation of trade secrets, in violation of § 688.001, Florida Statutes, *et seq.*, against Defendants (Count X); breach of contract, against Defendant Adam Cherry (Count XI); breach of contract, against Defendant Kim Cherry (Count XII); breach of contract, against Defendants Adam and Kim Cherry (Count XIII); tortious interference with contract, against Defendants (Count XIV); tortious interference with contract and/or business relationships, against Defendants (Count XV); and civil conspiracy, against Defendants (Count XVI). Thus, as best the Court can discern, Plaintiffs allege fifteen of their sixteen causes of action against Defendant Kim Cherry. And, while most of the claims involve multiple Defendants or were brought against the Defendants collectively, Count XII (breach of contract) is alleged solely against Defendant Kim Cherry. [DE 1 at 1, 12–32].

Subsequently, on March 28, 2022, the Court entered an "Order Granting Defendants' Motion for Leave to Amend Answer to Add Counterclaims" [DE 121]. That same day, Defendants

---

[1] Plaintiffs assert multiple claims against "Defendants," which they define in the first paragraph of the Complaint as Adam Cherry, Kim Cherry, Helen Miller, Mahalo Enterprises Corporation d/b/a Resident Times and/or Today's Livin, and Tapp It Technology, LLC. [DE 1 at 1].

Adam Cherry, Kim Cherry, and Mahalo Enterprises Corporation d/b/a Resident Times filed Counterclaims.[2] [DE 122]. As is pertinent for purposes of the instant Order, the only Counterclaim alleged by Defendant Kim Cherry is a claim for declaratory judgment, in which Defendants Adam and Kim Cherry seek a declaration that "the non-compete period contained in the A. Cherry Consulting Agreement . . . lapsed and is no longer enforceable by the Plaintiffs/Counter-Defendants, that [Kim] Cherry was not competing with the Plaintiffs, and that the non-compete provisions in the Consulting Agreements were not assigned to Uhlig, together with such other and further relief as this Court deems just and proper, including punitive damages and . . . attorney's fees." [DE 122 at 49].

Following numerous discovery disputes—none of which substantially involved Defendant Kim Cherry[3]—Plaintiffs Uhlig LLC and IHPS Holdings, LLC filed a Motion to Voluntarily Dismiss Action Against Defendant Kim Cherry and Incorporated Memorandum of Law [DE 130]. Defendant Kim Cherry filed a Response [DE 131], and Plaintiffs filed a Reply [DE 132].

## II. MOTION, RESPONSE, AND REPLY

1. Plaintiffs' Motion [DE 130]

In Plaintiffs' Motion, Plaintiffs state that, "[t]hough acquiring discovery and information from Defendants has been unreasonably difficult in this case, everything received thus far suggests Adam Cherry and Helen Miller, as agents for or on behalf of either Mahalo or Tapp-It, are the

---

[2] This did not include Defendant Tapp It Technology, LLC.
[3] Plaintiffs filed a Motion to Compel Production/Inspection from all Defendants [DE 69], but the Court denied that motion (along with three others) the very next day. [DE 73]. None of the other discovery motions involved Defendant Kim Cherry. While the Defendants (including Defendant Kim Cherry) later filed a Motion for Reconsideration related to a discovery order [DE 105], Defendant Kim Cherry's involvement was in name only, as Defendants sought relief from an Omnibus Discovery Order that did not even reference Defendant Kim Cherry.

3

primary tortfeasors vis-à-vis Plaintiffs' claims." [DE 130 at 1–2]. As a result, Plaintiffs request that the Court dismiss their claims against Defendant Kim Cherry (hereinafter "Defendant" or "Defendant Kim Cherry") without prejudice, with the parties to bear their own costs and fees." *Id.* at 3.

In doing so, Plaintiffs note that Federal Rule of Civil Procedure 41(a) is the proper vehicle "for a plaintiff to dismiss all claims asserted against any one defendant in litigation involving multiple defendants." *Id.* at 2. According to Plaintiffs, because Defendant has not "been put to considerable expense in preparing for trial"—as Defendant "has not been involved in any of the prolonged discovery disputes in this case"—dismissal without prejudice is appropriate. *Id.* at 2–3. Indeed, Plaintiffs state that they are "unaware of any costs at all incurred by [Defendant] that would be recoverable under Fed. R. Civ. 54(d) or 28 U.S.C. § 1920 even if she were a prevailing party on any of Plaintiff's claims," and that, "to the extent she has incurred any such costs, the appropri[ate] action is for the court to condition Plaintiffs['] filing of a second suit against [Defendant] on payment of any costs incurred herein." *Id.* at 3. Plaintiffs further contend that dismissal without prejudice is appropriate because Defendant's counterclaim against Plaintiffs "is not conditioned upon the continued existence and prosecution of Plaintiffs' claims against her" and does not therefore run afoul of Federal Rule of Civil Procedure 41(a)(2). *Id.* at 3.

2. Defendant's Response [DE 131]

Defendant begins by explaining that she "does not object to being dismissed as a party to this litigation." [DE 131 at 1].[4] However, she states that, "should Count XII . . . be dismissed, the

---

[4] While Defendant does not object to dismissal of the claims, she does not explicitly state whether she objects to dismissal *without* prejudice. Nonetheless, because Plaintiffs request dismissal without prejudice, representing that the

4

Plaintiffs are contractually obligated to pay [Defendant] her attorney's fees and costs incurred in this litigation." *Id.* In support, Defendant points to paragraph 17 of the K. Cherry Consulting Agreement, which provides the following:

> Attorneys' Fees. Notwithstanding anything else contained in this Agreement to the contrary, in the event a party to this agreement is required to engage an attorney to enforce the terms and conditions of this Agreement, the prevailing party shall be reimbursed by the breaching party all attorneys' fees and costs associated with the enforcement thereof.

[DE 1-4 at 7].

According to Defendant, because the K. Cherry Consulting Agreement also contains a Florida choice of law provision, "Florida state law regarding contractual prevailing party attorney's fees governs." *Id.* at 4. Utilizing Florida law—which allows enforceable "[p]rovisions in ordinary contracts awarding attorney's fees and costs to the prevailing party" so long as the agreement clearly and unambiguously allows for recovery of attorney's fees—Defendant argues she is entitled to prevailing party attorney's fees based upon paragraph 17's plain language. *Id.* at 4 (quoting *Lashkajani v. Lashkajani*, 911 So. 2d 1154, 1158 (Fla. 2005) and citing *Int'l Fid. Ins. Co. v. Americaribe-Moriary JV*, 906 F.3d 1329, 1335 (11th Cir. 2018)). Moreover, Defendant contends that she is entitled to prevailing party attorney's fees under section 57.105(7), Florida Statutes, which "converts the unilateral contract clause awarding attorney's fees and costs to the non-breaching party under the K. Cherry Consulting Agreement to a bilateral clause awarding fees and costs to any party who prevails in an action to enforce the Agreement, i.e., [Defendant]." [DE

---

sole issue is "whether dismissal of Plaintiffs' claims against [Defendant] should be conditioned upon all parties bearing their own costs and expenses" [DE 130 at 3], and because Defendant does not object to this contention, the Court finds that Defendant does not dispute dismissal *without* prejudice.

131 at 6]. Notably, despite the fifteen claims alleged against Defendant, Defendant claims entitlement to fees and costs solely in connection with Count XII. [DE 131 at 6].

3. Plaintiffs' Reply [DE 132]

Plaintiffs contend that Defendant's Response [DE 131] misapplies the law. [DE 132 at 2]. Specifically, Plaintiffs state that paragraph 17 of the K. Cherry Consulting Agreement provides for prevailing party attorney's fees payable by the *breaching party*. *Id.* And, because—according to Plaintiffs—Defendant has not (and cannot) argue that Plaintiffs breached the K. Cherry Consulting Agreement, it is Plaintiff's position that paragraph 17 "was not triggered." *Id.* Additionally, Plaintiffs assert that under *Sacket v. Sacket*, 115 So. 3d 1069 (Fla. 4th DCA 2013), and *Levy v. Levy*, 326 So. 3d 678 (Fla. 2021), section 57.105(7) is inapplicable because paragraph 17 applies equally to both parties and thus is not a unilateral provision made bilateral by operation of section 57.105(7). [DE 132 at 3–5].

### III. ANALYSIS

Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." *Pontenberg v. Bos. Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (citing *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir. 1986)). "In most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other th[a]n the mere prospect of a subsequent lawsuit*, as a result." *Id.* (quoting *McCants*, 781 F.2d at 856–57) (alteration adopted) (emphasis in original); *MBI Servs., LLC v. Apex Distrib. LLC*, No. 21-cv-20975, 2021 WL 4749695, at *1 (S.D. Fla. Oct. 12, 2021). Rule 41(a)(2) "presumes

6

dismissal without prejudice but leaves the final dismissal terms to the discretion of the district court." *Wyndham Vacation Ownership, Inc. v. US Consumer Att'ys, P.A.*, No. 18-81251, 2020 WL 8024171, at *2 (S.D. Fla. Oct. 13, 2020); *see* Fed. R. Civ. P. 41(a)(2) ("Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.").

"Rule 41(a)(2) exists chiefly for [the] protection of defendants." *Sobe News, Inc. v. Ocean Drive Fashions, Inc.*, 199 F.R.D. 377, 378 (S.D. Fla. 2001) (quoting *Fisher v. Puerto Rico Marine Mgmt.*, 940 F.2d 1502, 1503 (11th Cir. 1991)). "A plaintiff ordinarily will not be permitted to dismiss an action without prejudice under Rule 41(a)(2) after the defendant has been put to considerable expense in preparing for trial, except on condition that the plaintiff reimburse the defendant for at least a portion of his expenses of litigation." *McCants*, 781 F.2d at 860. In deciding whether to allow dismissal under Rule 41(a)(2), "[w]hile the district court should keep in mind the interests of the defendant, the court should also weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Kingdomworks Studios, LLC v. Kingdom Story Co., LLC*, No. 19-14238-CIV, 2022 WL 820417, at *1 (S.D. Fla. Feb. 11, 2022). Among the equities a court may consider are "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Auclair v. Bonita Springs Lodge #2753 Benevolent and Protective Order of Elks of United States of Am., Inc.*, No. 19-cv-697, 2020 WL 3205950, at *1 (M.D. Fla. June 15, 2020) (quoting *Pezold Air Charters v. Phx. Corp.*, 192 F.R.D. 721, 728 (M.D. Fla. 2000)).

1. **<u>Defendant's Request for Fee Entitlement is Procedurally Improper</u>**

As a preliminary matter, the request by Plaintiffs to dismiss Defendant from the proceedings is appropriate under Rule 41(a)(2) because Defendant has already answered the Complaint, *see* Fed. R. Civ. P. 41(a)(1)(A), and because, "[w]hile district courts within the Eleventh Circuit have come to different conclusions on th[e] issue, the majority agree that dismissal of less than all defendants is proper under Rule 41[ ] . . . ." *Walker v. Home Point Fin. Corp.*, No. 21-cv-1916, 2021 WL 5368863, at *2 (M.D. Fla. Nov. 18, 2021). However, although Plaintiffs' request to dismiss Defendant is proper, Defendant's request for fee entitlement is not.

This is because a request for attorney's fees and costs under Rule 41(a)(2) is separate from a request for prevailing party attorney's fees and costs. *See Attwood v. Clemons*, No. 18-cv-38, 2021 WL 7707720, at *2 n.1 (N.D. Fla. June 7, 2021) ("To be clear, this Order specifically addresses whether fees or costs should be awarded as a condition of dismissal under Rule 41. Defendant may also be entitled to costs as a prevailing party under Rule 54(d)."); *Moore v. Shands Jacksonville Med. Ctr., Inc.*, No. 09-cv-298, 2014 WL 2801202, at *3 n.7 (M.D. Fla. June 19, 2014) (dismissing a party but not addressing costs under rule 54 in doing so); *224 W. Flagler Holdings Inc. v. Terra Nova Ins. Co., Ltd.*, No. 03-21303-Civ, 2004 WL 5595581, at *2 n.2 (S.D. Fla. Jan. 30, 2004) ("The Court finds entitlement under Rule 41(a)(2) and therefore, the merits of Defendant's Rule 11 and Fla. Stat. § 57.105 arguments need not be reached."). Further, "moving for relief within the response to Plaintiffs' Motion for Voluntary Dismissal is procedurally improper under . . . Rule 7(b)(1)," which requires that "[a] request for a court order . . . be made by *motion*." *Emergency Recovery, Inc. v. Hufnagle*, No. 19-cv-329, 2021 WL 6425514, at *4 (M.D. Fla. Nov. 1, 2021); Fed. R. Civ. P. 7(b)(1) (emphasis added). And, Local Rule 7.3 allows

for "[a] motion for an award of attorneys' fees and/or non-taxable expenses and costs arising from the *entry of a final judgment or order*." S.D. Fla. L. R. 7.3(a) (emphasis added). Here, Defendant conflates Rule 41(a)(2) attorney's fees and costs with prevailing party attorney's fees and costs, requests prevailing party attorney's fees and costs in her Response rather than by separate motion, and requests prevailing attorney's fees and costs without the prerequisite final judgment or order being entered.

### 2.   **The Equities Weigh in Favor of Dismissal Without Conditions**

Turning to the law surrounding the propriety of dismissal under Rule 41(a)(2) alone, the Court first exercises its broad discretion and finds that dismissal of the claims against Defendant Kim Cherry is appropriate. Indeed, neither party disputes the dismissal of the claims against Defendant.[5] Rather, the issue is the fee and cost implications of the dismissal of the claims.[6]

Second, the Court finds that Defendant has not "been put to considerable expense in preparing for trial," particularly considering that summary judgment filings are not yet due and that Defendant has been almost entirely uninvolved in the multiple discovery disputes in this case.[7] *See McCants*, 781 F.2d at 860. Moreover, in weighing the relevant equities to "do justice between the parties," the Court notes that only one cause of action was brought solely against Defendant, with said cause of action related to Defendant's counterclaim (which still remains pending and

---

[5] The Court also notes that Plaintiffs do not challenge Defendant Kim Cherry's counterclaim remaining pending after her dismissal. As stated in the Motion, "Ms. Cherry's counterclaim against Plaintiffs is not conditioned upon the continued existence and prosecution of Plaintiffs' claims against her. Thus, her counterclaim for declaratory judgment will remain pending following dismissal of Plaintiffs' claims against her." [DE 130 at 3].

[6] And even then, Defendant Kim Cherry does not request that any re-filing be conditioned upon payment of costs, nor does she state she has incurred any costs in this litigation. Defendant Kim Cherry *solely* argues for prevailing party attorney's fees and costs.

[7] As also represented by Plaintiffs, Defendant has not been deposed. [DE 130 at 3]. Defendant does not dispute this.

"can remain pending for independent adjudication"). *Kingdomworks Studios, LLC*, 2022 WL 820417, at *1; Fed. R. Civ. P. 41(a)(2). There is additionally no evidence of any excessive delay or lack of diligence on behalf of Plaintiffs, and Plaintiffs' explanation that they wish to dismiss Defendant because they have determined—through discovery—that the other four Defendants are the primary tortfeasors, is reasonable. *See Auclair*, 2020 WL 3205959, at *1. Accordingly, the Court finds that Defendant will suffer no clear legal prejudice in being dismissed from the case without conditions. *See Pontenberg*, 252 F.3d at 1253.

It is noteworthy that Defendant does not attempt to argue that she has been put to considerable expense in litigating this case, choosing instead to incorrectly move for prevailing party attorney's fees and costs in her response, which is an entirely separate matter. Nonetheless, while Defendant's request for prevailing party attorney's fees and costs—rather than argument concerning the conditions of dismissal—is improper, the Court will allow Defendant to file a proper motion for attorney's fees and/or costs pursuant to Local Rule 7.3 to the extent Defendant may have a good faith basis for such. In other words, the Court's finding that Defendant is not entitled to attorney's fees and costs under Rule 41(a)(2) is without prejudice to Defendant filing a motion for attorney's fees and/or costs asserting any good faith basis under the law. Any such motion must be fully compliant with our local rules.

### IV. CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion [DE 130] is **GRANTED IN PART AND DENIED IN PART**. Plaintiffs' Motion is **GRANTED** to the extent that Plaintiffs request the dismissal of their claims against Defendant Kim Cherry. However, Plaintiffs' Motion is **DENIED** to the

extent that Plaintiffs seek for each side to bear their own costs and attorney's fees. While the Court is denying fees and costs under Rule 41(a)(2), the Court shall permit Defendant Kim Cherry to separately move for attorney's fees and costs as an alleged prevailing party if she has a good faith basis to do so as further discussed in paragraph 5 below.

2. Plaintiffs' claims against Defendant Kim Cherry are therefore **DISMISSED WITHOUT PREJUDICE**.

3. The Clerk of Court shall **TERMINATE** Defendant Kim A. Cherry as a named Defendant in this matter. She shall remain as a Counter-Plaintiff.

4. Defendant Kim Cherry's counterclaim shall remain pending.

5. Defendant Kim Cherry's request (contained in her response) for prevailing party attorney's fees and costs is **DENIED WITHOUT PREJUDICE** to Defendant's ability to file a proper motion for attorney's fees and/or costs, as an alleged prevailing party, pursuant to Local Rule 7.3, and other applicable rules and law, if she can do so in good faith.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 13th day of June, 2022.

WILLIAM MATTHEWMAN
United States Magistrate Judge